

ORIGINAL

## UNITED STATES DISTRICT COURT
### District of Oregon
740 United States Courthouse
1000 SW Third Avenue
Portland, Oregon 97204-2902
Office: (503) 326-8008, Facsimile: (503) 326-8010

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 2 2 2006    Aq

at 1 o'clock and M .P M
SUE BEITIA, CLERK

**DONALD M. CINNAMOND**
Clerk

**Deirdre Neal**
Interim Division Manager

**Sheryl McConnell**
Chief Deputy Clerk

CV06  00286 HG KSC

CR-01-00090HG

May 16, 2006

Clerk, US District Court
District of Hawaii
300 Ala Moana Boulevard Rm. C338
Honolulu, HI 96580

**Subject: Transfer of Civil Case No. 06-cv-225-ST**

       Pursuant to this Court's order of May 2, 2006 transferring the above referenced case to your district, we are transmitting herewith all original pleadings in this cause and a certified copy of the docket entries. Please acknowledge receipt on the enclosed copy of this letter and return. Thank you for your cooperation.

          Sincerely,

          DONALD M. CINNAMOND, CLERK

          Nicole Munoz, Deputy Clerk

Enclosure
cc:   Counsel of Record
      File

## RECEIPT IS ACKNOWLEDGED FOR THE DOCUMENTS DESCRIBED HEREIN

Date of Receipt:_____

New Case Number:_____

By:_____
Deputy Clerk

RECEIVED
CLERK, U.S. DISTRICT COURT
MAY 2 2 2006
DISTRICT OF HAWAII

FILED'06 MAY 02 13:19USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PETER ANDREW FELICIANO,                          CV. 06-225-ST

              Petitioner,                    ORDER

     v.

CHARLES A. DANIELS,

              Respondent.

STEWART, Magistrate Judge.

    Petitioner, an inmate at FCI-Sheridan, filed this habeas corpus action pursuant to 28 U.S.C. § 2241 seeking to challenge a guilty plea he entered in the District of Hawaii in 2001. On March 28, 2006, the court ordered petitioner to show cause why this case should not be dismissed for lack of jurisdiction. The court specifically advised petitioner that in order to proceed, he must describe why the 28 U.S.C. § 2255 remedy is inadequate or ineffective to test the legality of his detention.

    Petitioner timely responded to the Order to Show Cause and asserts that he is challenging the legality of his Armed Career

1 - ORDER

Criminal Act conviction based on a recent Supreme Court decision. He represents that he has an available remedy pursuant to 28 U.S.C. § 2255, and that such a filing would be timely. He advises that "this court may transfer this petition in the exercise of it's (sic) discretion and in the furtherance of justice." Response (docket #5), p. 2.

As petitioner represents that the § 2255 remains available to address the legality of his conviction, the court elects to treat the § 2241 Petition as a § 2255 motion and transfer it to the District of Hawaii. See 28 U.S.C. § 1406(a) (In the interests of justice, a federal court may transfer a case filed in an improper district to the correct district).

CONCLUSION

The court construes petitioner's 28 U.S.C. § 2241 Petition as a 28 U.S.C. § 2255 motion. The Clerk of the Court is DIRECTED TO TRANSFER this case to the District of Hawaii.

IT IS SO ORDERED.

DATED this 22 day of May, 2006.

_____
Janice M. Stewart
United States Magistrate Judge

2 - ORDER

*Original*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

PETER ANDREW FELICIANO,           )
                                  )
            PETITIONER,           )    RESPONSE TO SHOW CAUSE ORDER
                                  )
    v                             )    CASE NO CV-06-225-ST
                                  )
CHARLES A. DANIELS,               )
                                  )
            RESPONDANT.           )    *Clerks Action Requested*

Comes Now petitioner, and hereby does show cause as is required
by this court and on this behalf shows this court as follows;

DISCUSSION OF LAW and FACTS

As was stated in the petition now before this court...the pet-
itioner is unable to express adequately his claims himself and as
such the petitioner has sought and received assistance from another
inmate who is educated in the law.  Therefore, without any records,
other than the judgement and committment obtained from the B.O.P.,
the writer of this brief is relaying the facts as is told to him by
petitioner and is done under the belief and knowledge that they are
correct.

Therefore the petitioner is stating factual innocense under the
new rule that interprets the Armed Carrer Criminal Act, (ACCA), in

SHOW CAUSE RESPONSE              -1.          Peter Feliciano 88071-022
                                             F.C.I. P.O. BOx 5000
                                             Sheridan, Oregon 97378

Shepard v United States, 544 U.S. 1254 (2005). To the best of peti-
tioners belief and knowledge does allege that he has not filed any
previous habeas corpus.

However under Title 28 U.S.C. § 2255 ¶ 6(3) petitioner would have
one year to preserve his rights under the Supreme Court's new rule
in Shepard. Since petitioner's claim is factual innocense under the
Supreme Court decision in Shepard, under Bousley v United States, 523
U.S. 614, 620 (1998). This court would have concurrent jurisdiction
to entertain this § 2241 under Title 28 U.S.C. § 2241(d), which states
that---" each of such district courts shall have jurisdiction to enter-
tain the application. Moreover this court may transfer this petition
in the excercise of it's discretion and in the furtherance of justice.

However under the facts set forth in the original petition,
and under the law set forth herein, to the best of this petitioner's
belief and knowledge he **actually innocent of the plea agreement as
is discribed in Shepard** and is alleged in the original petition.
Therefore this petitioner alleges that he did not get notice as would
be required under 21 U.S.C. § 851, and has clearly alleged a Bousley
claim under the Supreme Court rule stated in Shepard. This petitioner
is incarcerated at F.C.I. Sheridan, Oregon. *see Fn 1, p. 3.

Whether the petitioner even qualified for the ACCA  sentence
that he received is unknown to the writer of this brief and as such
requests this court to order the respondant to show cause as they
clearly have easier access to the records herein.

RELIEF SOUGHT AND CONCLUSION

Wherefore the petitioner respectfully requests this court to order

SHOW CAUSE RESPONSE            -2.          Peter Feliciano 88071-022
                                            F.C.I. P.O. Box 5000
                                            Sheridan, Oregon 97378

show cause or any other relief that shall further the interests of justice herein. This petitioner has clearly stated a claim for which this court could grant relief. It would also be appropriate for this court to appoint counsel given the facts of petitioner's status.

CONCLUSION

For all of the reasons setforth in the original petition and has been set forth herein, petitioner respectfully requests this court to GRANT the relief sought herein.

April 6, 2006
date signed and filed

Respectfully submitted,

Peter Feliciano

Peter Feliciano

* Fn 1- Shepard v United States, 544 U.S. 1254 (2005) The Supreme Court decided this case on March 7, 2005. Therefore petitioner is timely filed under 28 U.S.C. § 2255 ¶ 6(3) and would be entitled to any right that the Supreme Court has more clearly defined therein. The essential holding in Shepard is limited to the terms of the charging document, the terms of the plea agreement or the transcript of the colloquey between judge and defendant. (Petitioner does not qualify for ACCA as is discribed under Shepard.

SHOW CAUSE RESPONSE                -3.        Peter feliciano 88071-022
                                              F.C.I. P.O. Box 5000
                                              Sheridan, Oregon 97378

FILED'06 MAR 28 07:25USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PETER ANDREW FELICIANO,                          CV. 06-225-ST

          Petitioner,                  ORDER TO SHOW CAUSE

    v.

CHARLES A. DANIELS,

          Respondent.

STEWART, Magistrate Judge

    Petitioner, an inmate at FCI-Sheridan, brings this action pursuant to 28 U.S.C. § 2241. Petitioner seeks to challenge his underlying guilty plea in the District of Hawaii. Specifically, he alleges that at the time he entered the plea, he had not been informed that he was subject to a sentencing enhancement pursuant to the Armed Career Criminal Act. For the reasons which follow, petitioner must show cause why the habeas Petition should not be dismissed for lack of jurisdiction.

1 - ORDER TO SHOW CAUSE

## DISCUSSION

A 28 U.S.C. § 2241 petition is the proper method in which to challenge the manner, location, or conditions of a sentence's execution. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 1999). Section 2255 provides the exclusive procedural mechanism by which a federal prisoner may contest the legality of his sentence unless it appears that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert. denied, 528 U.S. 1178 (2000); Hernandez, 204 F.3d at 864. The burden to show that a § 2255 is ineffective or inadequate rests upon petitioner. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The fact that a petitioner's previous § 2255 motion may have been denied does not render § 2255 inadequate or ineffective. See Moore, 185 F.3d at 1055; Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). Similarly, the fact that a court of appeals may have refused to permit petitioner to file a successive § 2255 motion does not, in and of itself, render § 2255 inadequate or ineffective. Lorentsen, 223 F.3d at 953.

In the present case, petitioner pled guilty to unspecified crimes in the District of Hawaii in 2001. Although petitioner alleges that he has not presented the claims contained in his Petition in any other proceeding, it is unclear from the § 2241

2 - ORDER TO SHOW CAUSE

Petition currently before this court whether petitioner previously filed a § 2255 motion at all.

It does not appear from the face of the Petition that a motion under 28 U.S.C. § 2255 would be inadequate or ineffective to test the legality of petitioner's guilty plea. While petitioner asserts that he is actually innocent of his underlying crimes, he has not informed the court as to the nature of his factual innocence, nor has he alleged that he has never been afforded an unobstructed procedural opportunity to present his claim of innocence. Accordingly, IT IS ORDERED that petitioner shall show cause, within 30 days of this order, why his Petition for Writ of Habeas Corpus should not be dismissed for lack of jurisdiction.

## CONCLUSION

IT IS ORDERED that petitioner shall show cause, within 30 days of this order, why his Petition for Writ of Habeas Corpus (docket #2) should not be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

DATED this 27th day of March, 2006.

_____
Janice M. Stewart
United States Magistrate Judge

3 - ORDER TO SHOW CAUSE

**Scheduling Orders/Judgments/Other Orders**
3:06-cv-00225-ST Feliciano v. Daniels

### U.S. District Court

### District of Oregon

Notice of Electronic Filing

The following transaction was received from da, entered on 3/28/2006 at 9:14 AM PST and filed on 3/28/2006
**Case Name:**       Feliciano v. Daniels
**Case Number:**    3:06-cv-225
**Filer:**
**Document Number:** 4

**Docket Text:**
Order to Show Cause: Signed on 3/27/2006 by Judge Janice M. Stewart. Petitioner is ordered to Show Cause in Writing by 4/27/2006 why his Petition for Writ of Habeas Corpus, #[2], should not be dismissed for lack of jurisdiction. (da, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Not Available
**Electronic document Stamp:**
[STAMP ordStamp_ID=875559790 [Date=3/28/2006] [FileNumber=1675408-0] [
550c53c13ff64d08a3f58cc81e62bdffc01aaa79f3b20684092c7c9801921054b8c97e
f1b9016558f1d8b544aaddd35bab8c10bcd7627d3232187509bec495f0]]

**3:06-cv-225 Notice will be electronically mailed to:**

**3:06-cv-225 Notice will be delivered by other means to:**

Peter Andrew Feliciano
#88071-022
Federal Correctional Institution
Sheridan, OR 97378-5000

# UNITED STATES DISTRICT COURT

## District of Oregon

Peter Andrew Feliciano,

                        Plaintiff(s)

vs.                                                    Case No:    3:06-CV-225-ST

Charles A. Daniels,

                        Defendant(s).

_____

### Civil Case Assignment Order
### to a United States Magistrate Judge

**(a)    Presiding Judge:** The above referenced case has been filed in this court and assigned for all further proceedings to:

**Presiding Judge** . . . . . . . . . . . . . . . . . . . . . . . **Hon. Janice Stewart**

**Presiding Judge's Suffix Code\*** . . . . . . . . . . . . . . . . . . . . . . . . . . **ST**

* These letters must follow the case number on all future filings.

**(b)    Courtroom Deputy Clerk:** Questions about the status or scheduling of this case should be directed to Donna Ausbie at (503) 326-8057 or donna_ausbie@ord.uscourts.gov

**(c)    Civil Docket Clerk:** Questions about Cm/ECF filings or docket entries should be directed to Eric Oss at (503) 326-8051 or eric_oss@ord.uscourts.gov

**(d)    District Court Website:** Information about local rules of practice; Cm/ECF electronic filing requirements; responsibility to redact personal identifiers from pleadings, motions, and other papers; and other related court information can be accessed on the court's website at www.ord.uscourts.gov

Revised December 1, 2004                    **Judge Stewart's Civil Case Assignment Order**

3

(e)    **Consent to a Magistrate Judge:**  In accordance with 28 U.S.C. Sec. 636(c) and Fed. R. Civ. P. 73, all United States Magistrate Judges in the District of Oregon are certified to exercise civil jurisdiction in assigned cases and, with the consent of the parties, may also enter final orders on dispositive motions, conduct trial, and enter final judgment which may be appealed directly to the United States Court of Appeals for the Ninth Circuit, and not to a District Judge of this Court.

Parties are encouraged to consent to the jurisdiction of a Magistrate Judge by signing and filing the Consent to Jurisdiction by a United States Magistrate Judge (a copy of the consent form is included with this assignment order).  There will be no adverse consequences if a party elects not to consent to a Magistrate Judge.

**Dated:**  February 17, 2006

**By:**    J. Cubias, Deputy Clerk

**For:**    **Donald M. Cinnamond, Clerk of Court**

---

Revised December 1, 2004                          **Judge Stewart's Civil Case Assignment Order**