Peter Andrew Feliciano
Fed. Reg. No.
Federal Correctional Institution
P.O. Box 5000
Sheridan, Oregon 97378-5000

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 22 2006

at 1 o'clock and ___ min. ___ M
SUE BEITIA, CLERK

CV06 00286 HG KSC

CV 06- 225

CR-01-00090 HG

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

PETER ANDREW FELICIANO,
    Petitioner,

v.

CHARLES A. DANIELS, Warden,
Federal Correctional In-
stitution, Sheridan, Oregon,
    Respondent.

Case No.
(CR No. 01-00090-H-6 District of Hawaii)

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

Clerk's Action Required

COMES NOW, Peter Andrew Feliciano, hereafter Petitioner, proceeding pro se, and pursuant to 28 U.S.C. § 2241, Petitioner applies for the issuance of a Writ of Habeas Corpus. In support of this petition, Petitioner states as follows:

### I. JURISDICTION

1.1 Petitioner is imprisoned and deprived of liberty of the Federal Correctional Institution (FCI) at Sheridan, Oregon, in violation of the laws and the Constitution of the United States. Petitioner further asserts that FCI Sheridan is within the District of Oregon and the jurisdiction of this Court.

### II. REQUESTING APPOINTMENT OF COUNSEL

2.1 Petitioner is 57 years old and is of Hawaiian descent.

2.2 Petitioner has very little education and has problems expressing himself in the English language.

-1-

2.3 Petitioner has no education in law and has no money to retain counsel.

### III. SUMMARY OF UNDERLYING CONVICTION

3.1 Petitioner was convicted in the United States District Court for the District of Hawaii.

3.2 The sentencing United States District Judge was the Honorable Helen Gillar.

3.3 The sentence was imposed on December 18, 2001.

3.4 Petitioner scheduled release date is October 10, 2013.

### IV. SUMMARY OF CONCURRENT AND/OR PREVIOUS LITIGATIONS

4.1 The claims presented in this habeas corpus are being presented for the first time in this petition.

4.2 There has been no other litigation on this claim, concurrent or previous.

### V. STATEMENT OF FACTS

5.1 Petitioner was never informed by indictment or information that the government was going to file the Armed Career Criminal Act (ACCA) on him.

5.2 Petitioner entered into a plea agreement without knowing the ACCA was going to be filed on him.

5.3 If Petitioner would have known and/or understood the ACCA was going to be filed by the government, after the signing of the plea agreement, Petitioner would not of taken the plea agreement.

5.4 Petitioner's plea agreement was not knowingly entered into.

### VI. STATEMENT OF LEGAL CLAIM FOR RELIEF

6.1 Pursuant to 21 U.S.C. § 851:

    (a)(1) "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by

reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States Attorney files an information with the court (and serves a copy of such information on the person) stating in writing the previous convictions to be relied upon..."

6.2  Petitioner's Fifth Amendment Due Process Clause rights were violated by the government's failure to inform, by information, they intended to file ACCA enhancements on Petitioner and what convictions the government intended to use to establish ACCA requirements, for application.

6.3  Petitioner's Sixth Amendment right to trial was violated.

6.4  Petitioner raises a statutory claim, which by the government's blatant negligence, violated Petitioner's constitutional rights to be informed.

6.5  The doctrine of constitutional avoidance requires that the Armed Career Criminal Act (ACCA) be construed to require proof beyond a reasonable doubt at trial or admissions during the plea colloquy to establish all components for application of the Act.

(a) The sentencing court increased Petitioner's maximum possible sentence from a maximum of 10 years to a mandatory minimum of 15 years under the ACCA, based upon facts that were never admitted by Petitioner.

(b) In **Shepard v. United States**, 544 U.S. 1254, 125 S.Ct. 1254, 1262 (2005), the Supreme Court held that judicial finding of facts about prior convictions, which were not admitted by the defendant, were not "clearly authorized" by **Almendarez-Torres v. United States**, 523 U.S. 224 (1998), and raises serious constitutional issues that should be avoided if possible.

(c) Until the Supreme Court decides the constitutionality of allowing a judge to find facts beyond the conclusive judicial record of a prior conviction to increase the maximum sentence, lower courts are directed to avoid answering this issue by construing statutes to limit judicial inquiry to only those facts found by a jury or admitted by the defendant.

(d) The Supreme Court has applied the canon of constitutional avoidance to avoid answering the serious constitutional concerns raised by any perceived expansion of **Almendarez-Torres** that would allow judicial finding of facts used to increase the maximum sentence. See, **Jones v. United States**, 526 U.S. 227 (1999); **Dretke v. Haley**, 541 U.S. 386 (2004). Because of these cases, the Supreme Court has recognized that any expansion of the limited holding in **Almendarez-Torres** raises serious constitutional concerns and should be avoided. While **Almendarez-Torres** has not been specifically overruled, the Supreme Court has made clear its holding is limited and lower courts should avoid any perceived expansion of **Almendarez-Torres**.

(e) It appears the text of the ACCA provides no mechanism for its invocation in an individual case. The Supreme Court's decision in **Jones**, **Shepard** and **Haley** require that the ACCA be construed consistently with the doctrine of constitutional avoidance, to include indictment by Grand Jury and proof to a jury beyond a reasonable doubt, or an admission during the guilty plea colloquy, of all the components for ACCA sentencing including 21 U.S.C. § 851 warning.

(f) Based on the combination of, and collective affect of the long line of Supreme Court rulings championing the **In re Winship**, 397 U.S. 358 (1970) proof beyond a reasonable doubt rule, which has

-4-

significantly altered the interpretation and application of portions of the Sentencing Reform Act of 1984, and relevant portions of the United States Sentencing Guidelines; and, the legal maxim that a criminal defendant is deemed, as a matter of law, to be innocent until proved guilty beyond a reasonable doubt, Petitioner is **actually innocent** of the uncharged and unproven facts found by the judge, by way of the preponderance of evidence standard, to invoke the ACCA enhancement.

## VII. REQUESTED RELIEF

7.1  Petitioner requests this Court to issue a Writ of Habeas Corpus requiring that the plea agreement be ruled unconstitutional and vacated, because Petitioner was not properly informed of the ACCA enhancement before the signing of the agreement, pursuant to 21 U.S.C. § 851(a)(1).

7.2  Petitioner's plea agreement was not knowingly and intelligently entered into based on the statutory violation of 21 U.S.C. § 851(a)(1) that violated Petitioner's Fifth and Sixth Amendment rights of the United States Constitution, therefore Petitioner relief should be granted.

Dated this 14th day of February, 2006.

Respectfully submitted,

*Peter A. Feliciano*
PETER ANDREW FELICIANO
Petitioner, Pro Se

### VERIFICATION OF THE PETITION

I, Peter Andrew Feliciano, declare under the penalty of perjury, that:

(a) I am the Petitioner in this action, and

-5-

(b) I have read the petition and that the information contained herein is true and correct to the best of my knowledge and belief.

Dated this 14th day of February, 2006.

*Peter A. Feliciano*
PETER ANDREW FELICIANO
Petitioner, Pro Se

**ORIGINAL**

# United States District Court
## District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 7 2002

at __8__ o'clock and __26__ min. __A__ M
WALTER A.Y.H. CHINN, CLERK

UNITED STATES OF AMERICA
v.
PETER ANDREW FELICIANO

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: 1:01CR00090-001

Donna Gray, AFPD
Defendant's Attorney

## THE DEFENDANT:

[✓]  pleaded guilty to count(s): 1 and 2 of the Information .
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 922(g)(1) | Convicted Felon in possession of a firearm | 11/05/00 | 1 |
| 18 U.S.C. 922(g)(8) | Violation of an Amended Protective Order by affecting commerce by possessing a firearm | 11/05/00 | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✓]  Count(s) 1, 2, 3 and 4 of the Indictment (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 08/03/49

Defendant's USM No.: 88071-022

Defendant's Residence Address:
33 Kealaloa Avenue
Makawao, Maui, Hawaii 96768

Defendant's Mailing Address:
33 Kealaloa Avenue
Makawao, Maui, Hawaii 96768

December 18, 2001
Date of Imposition of Judgment

_/s/ Susan Oki Mollway_
Signature of Judicial Officer

SUSAN OKI MOLLWAY, United States District Judge
Name & Title of Judicial Officer

January 3, 2002
Date

| | |
|---|---|
| CASE NUMBER: 1:01CR00090-001 | Judgment - Page 2 of 6 |
| DEFENDANT: PETER ANDREW FELICIANO | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 180 MONTHS .

This term consists of ONE HUNDRED EIGHTY (180) MONTHS as to each of Counts 1 and 2 of the Information, all such terms to run concurrently.

[✔]   The court makes the following recommendations to the Bureau of Prisons:
FCI Sheridan

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

Defendant delivered on 03-27-2002 to FCI SHC at Sheridan, OR , with a certified copy of this judgment.

Robert A. Hood, Warden
UNITED STATES MARSHAL

By Harper, DC
Deputy U.S. Marshal

CASE NUMBER:     1:01CR00090-001                                              Judgment - Page 3 of 6
DEFENDANT:       PETER ANDREW FELICIANO

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 YEARS.

This term consists of FIVE (5) YEARS as to each of Counts 1 and 2 of the Information, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]    The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

CASE NUMBER:       1:01CR00090-001                                                                          Judgment - Page 4 of 6
DEFENDANT:         PETER ANDREW FELICIANO

# SPECIAL CONDITIONS OF SUPERVISION

1) That the defendant is prohibited from possessing any illegal or dangerous weapons.

2) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

CASE NUMBER: 1:01CR00090-001 Judgment - Page 5 of 6
DEFENDANT: PETER ANDREW FELICIANO

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ | $ |

[ ] If applicable, restitution amount ordered pursuant to plea agreement .......... $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ __.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ] The interest requirement is waived.

   [ ] The interest requirement is modified as follows:

# RESTITUTION

[ ] The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ] The court modifies or waives interest on restitution as follows:

[ ] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
|  | TOTALS: | $ _____ | $ _____ |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

CASE NUMBER:       1:01CR00090-001                                              Judgment - Page 6 of 6
DEFENDANT:         PETER ANDREW FELICIANO

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [✔]  in full immediately; or

B  [ ]  $ _ immediately, balance due (in accordance with C, D, or E); or

C  [ ]  not later than _ ; or

D  [ ]  in installments to commence _ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  [ ]  in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.

Special instructions regarding the payment of criminal monetary penalties:

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.